## Westchester & Philadelphia R. R. Co., Plff. in Err., *v.* John M. Broomall.

A verbal contract, by which plaintiff agreed to give a piece of land to defendant in consideration that defendant would erect a freight station upon it and give plaintiff a yearly pass over its railroad, construed and,—*Held,*

That in an action for breach of the contract because of the failure to erect the freight station, the doctrine concerning the admission of parol evidence to vary a written instrument was inapplicable.

That the measure of damages to be recovered by plaintiff was the exact injury inflicted upon him by the failure to erect the station.

(Decided March 1, 1886.)

Error to the Common Pleas of Delaware County to review a judgment for plaintiff in an action for breach of contract. Reversed.

The facts and the case sufficiently appear in the opinion of the court.

*John J. Pinkerton* for plaintiff in error.

*V. G. Robinson* and *W. B. Broomall* for defendant in error.

OPINION BY MR. JUSTICE GREEN:

The contract upon which the present action was brought was a verbal contract, by which the plaintiff, according to his allegation, agreed to give a piece of land to the defendant in consideration that the defendant would erect a freight station upon the ground and give him a pass for one year for himself and his wife. A deed for the premises was made to the defendant reciting a nominal consideration of $1 and the pass was delivered to the plaintiff, but the freight station was not built; and this action was brought to recover damages for breach of the contract.

We agree with the learned court below in the view taken of this contract, holding that it was not an attempt to set aside or reform a deed by parol evidence. It is very plain that the deed must be regarded as a part execution of the contract, and in no sense subject to alteration by the verbal testimony. It was in reality a gift of the land, and nothing but a nominal consideration is expressed on its face. This, instead of being in hostility with the parol contract, is in pursuance of, and in conformity with, its terms. There is no pretense that the land was really sold for an actual consideration of $1. The real consideration, according to the plaintiff's allegation and testimony, was an agreement by the defendant, also in parol, to erect a freight station upon the land and give the plaintiff a pass over the road for one year for himself and his wife. The question whether such a verbal contract was made between the plaintiff and defendant was fairly submitted to the jury by the court upon ample testimony, and the jury has found that fact in favor of the plaintiff. This being so, the entire discussion of the admission of parol evidence to contradict a written instrument is eliminated from the case and becomes inapplicable.

There was but one other question in the case, and that relates to the measure of damages to which the plaintiff was entitled for the breach of the contract. The court, in response to a point submitted by the plaintiff, said, affirming it, that the measure of damages would be the value of the land. It is true, in the general charge the jury were directed to consider the advantages and the disadvantages resulting to the plaintiff from the erection of the freight house; but substantially they were instructed to give the value of the land. The company is dissatisfied with this, and assigns it for error.

We think this assignment must be sustained, although whether any advantage will result to the company therefrom is not so clear. The consideration moving to the plaintiff being in part the erection of a freight station upon the land conveyed, the natural question arises: what damage has he sustained by not receiving that consideration? It may be that the value of the land is greater than the loss sustained by the plaintiff by reason of the nonerection of the station, and, if that is so, his damages will be no greater than the value of this loss. But, on the other hand, it may be that the loss is greater than the mere value of the land taken, and in that case, also, the damages to be recovered must be the value of the loss. Whatever injury has been inflicted upon the plaintiff by not giving him the consideration for which he bargained is the measure of his damage, whether it be much or little. If the erection of the freight station would impair the value of his adjacent land to the amount of the value of the land conveyed, his damages for its nonerection would be merely nominal. If, on the other hand, the erection of the station would enhance the value of his adjacent land, the injury sustained by its nonerection would be justly measured by the extent of such enhancement, if it can be fairly ascertained by testimony.

In any point of view, as we regard the matter, the parties having stipulated, according to the finding of the jury, that the chief consideration for the conveyance of the land should be the erection of the freight station, the injury sustained by the plaintiff by reason of its nonerection must be the measure of his damage. The fourth and seventh assignments are sustained and the others are dismissed.

Judgment reversed and new venire awarded.